IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER HOLLOWAY, #258 172, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:12-CV-492-SRW |
| | ) [WO] |
| CO I ALLEN LEWIS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, an inmate incarcerated at the Tutwiler Prison for Women, filed this *pro se* 42 U.S.C. § 1983 action for damages on June 11, 2012. Plaintiff claims that Defendant -- Correctional Officer Allen Lewis -- failed to protect her from an inmate assault. *Doc. No. 1*.

In accordance with the orders of the court, Defendant Lewis filed an answer, special report, and supporting evidentiary material in response to the allegations in the complaint. The court then informed Plaintiff that Defendant's special report may, at any time, be treated as a motion for summary judgment, and explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff took advantage of the opportunity granted to file a response to the special report filed by Defendant. This case is now pending on Defendant's motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition to the motion, the court concludes that Defendant's motion for summary judgment shall be granted.

## I.  THE COMPLAINT

Plaintiff complains that Officer Lewis violated her constitutional rights when he failed to protect her from an inmate assault. The actions about which Plaintiff complains occurred in her assigned dorm at Tutwiler Prison on April 25, 2012, at approximately 8:00 p.m. At that time, Plaintiff and inmate Kelly McNelley engaged in a verbal altercation. When the dispute began, Defendant Lewis was not at his post. Lieutenant Gwendolyn Davis, observing the argument, directed Defendant Lewis to go inside Plaintiff's dorm. According to Plaintiff, defendant Lewis entered the dorm, walked past the two arguing inmates, and began roving the dorm. Plaintiff and inmate McNelley "parted." Inmate McNelley, however, approached Plaintiff again. Plaintiff asked Defendant Lewis to "'get this inmate,'" but Lewis ignored her. When Plaintiff turned, Inmate McNelley hit her and they began to fight.

Defendant Lewis told the inmates in the dorm to be quiet and to back up. After an inmate broke up the fight, Inmate McNelley struck Plaintiff again. Plaintiff claims that Defendant Lewis then propped his foot up on a bed and said, "this is entertaining." Inmate McNelley charged at Plaintiff and pulled her hair. Defendant Lewis crossed his arms as other inmates once again broke up the fight. Plaintiff states that Defendant Lewis called in a "Code Red" in response to the incident but claims that is not the proper code to call when a fight erupts. Other officers did not arrive at the dorm to provide backup until they observed that a crowd had gathered and the fight was over.[1] *Doc. No. 1*.

---

[1] Plaintiff submitted with her complaint the statements of several inmate regarding their knowledge of the subject matter of this action. These statements are unsworn. Unsworn statements "do[ ] not meet the requirements of Fed. Rule Civ. Proc. 56(e)" and cannot be considered by a district court in ruling on a summary judgment motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n. 17 (1970). Additionally, the statements do not satisfy the requirements of 28 U.S.C. § 1746, as they are not submitted under penalty of perjury.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence to support some element on which it bears the ultimate burden of proof.  *Id*. at 322-324.

Defendant Lewis has met his evidentiary burden. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to her case exists. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required [by citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."). A genuine dispute of material fact exists when the

nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. To survive Defendant's properly supported motion for summary judgment, Plaintiff must produce "sufficient [favorable] evidence" which would be admissible at trial supporting her claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (internal citations omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs likewise cannot create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond his own conclusory allegations challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to her case and on which Plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v.*

4

*Southwest Forest Industries, Inc*., 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts... . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. Ltd., v. Zenith Radio Corp*., 475 U.S. 574, 586-87 (1986) (internal citations omitted). Where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute on a requisite material fact.); *Waddell v. Valley Forge Dental Associates, Inc*., 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine dispute of material fact, the

nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. Here, Plaintiff has failed to demonstrate a genuine dispute of material fact against Defendant Lewis so as to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

Defendant Lewis' evidence reflects that on April 25, 2012, at the beginning of A-Night Shift, he was assigned as a rover to South Hall, which includes Dorms K, M, and F. At 7:45 p.m., Lieutenant Davis directed Lewis to begin his check of the outer fence. At 7:55 p.m., Defendant Lewis began roving South Hall 2 & 3, which includes Dorms G, J, and I. He then proceeded to rove Dorm K for compliance. Shortly after 8:00 p.m., Plaintiff and inmate McNelley began to fight. Defendant Lewis instructed both inmates to stop fighting and called a code blue on his radio for backup. Guards arrived within five minutes, at which time Plaintiff and inmate McNelley were escorted out of the dorm for placement in segregation. *Doc. No. 16, Exh. A - Lewis Affidavit*.

An incident report prepared shortly after the event reflects that Defendant Lewis observed Plaintiff and inmate McNelley in Dorm K engaged in a physical altercation shortly after 8:00 p.m. on April 25, 2012. Both inmates were striking one another with closed fists.

Three correctional officers responded to Defendant Lewis' request for assistance. Defendant Lewis ordered both inmates to stop fighting, and they complied. They were then escorted to the shift office where Lieutenant Davis reprimanded them for their behavior and informed them they would receive disciplinary infractions for fighting without a weapon. The incident report indicates that both inmates were taken to the health care unit for body charts and subsequently to mental health for segregation placement body charts. At approximately 8:30 p.m., Lt. Davis and Defendant Lewis escorted Plaintiff to segregation.  *Doc. No. 16, Exh. B – Incident Report*.

Correctional officials may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S.  825, 828 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834; *see also Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir.1986). "In order to state a § 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (*quoting Wright v. El Paso County Jail*, 642 F.2d 134, 136 (5th Cir. 1981). A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, ... and [that] the official does not 'respond[] reasonably to the risk.'" *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Farmer*, 511 U.S. at 844). Thus, to state a cognizable failure to protect

claim under the Eighth Amendment, the prisoner must establish: (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003)(*per curiam*); *see also Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).

"Merely negligent failure to protect an inmate from attack does not justify liability under Section 1983." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "The known risk of injury must be a 'strong likelihood, rather than a mere possibility' before a guard's failure to act can constitute deliberate indifference." *Id*. (citations omitted); *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997) (unless a prison official actually makes the inference that a substantial risk of serious harm exists, he does not act with deliberate indifference even where his actions violate prison regulations or can be described as stupid or lazy). An inmate "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991), *overruled in part on other grounds by Farmer*, 511 U.S. 825; *Hale v. Tallapoosa County*, 50 F.3d 1579, 1583 (11th Cir.1995) (prisoner plaintiff must produce sufficient evidence that a defendant's deliberate indifference to a known danger or risk caused plaintiff's constitutional injury). An "official's failure to alleviate a significant risk that he should have perceived but did not," does not constitute deliberate indifference. *Farmer*, 511 U.S. at 838.

Plaintiff does not allege that she complained to any prison official, including Defendant Lewis, that she was in danger of being attacked by Inmate McNelley. No evidence before the court suggests that Plaintiff notified any prison official of a prior incident or threat by Inmate McNelley from which they could infer that a substantial risk of harm to her existed. The crux of

Plaintiff's allegation against Defendant Lewis concerns his alleged failure to intervene when he observed Inmate McNelley actually attacking Plaintiff.

"Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence.... However, in order for liability to attach, the officer must have been in a position to intervene." *Terry v. Bailey*, 376 Fed. App'x 894, 896 (11th Cir.2010) (*citing Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998)). The plaintiff has the burden of demonstrating that the defendant was in a position to intervene but failed to do so. *Ledlow v. Givens*, 500 Fed. App'x 910, 914 (11th Cir. 2012) (*citing Hadley v. Gutierrez*, 526 F.3d 1324, 1330–31 (11th Cir. 2008)).

Plaintiff claims that Defendant Lewis failed to respond to Dorm K when Lieutenant Davis informed him there was a verbal argument in that area. The undisputed evidence, however, reflects that Defendant Lewis was roving other dorms prior to going to Dorm K, and Plaintiff has not established that an unreasonable amount of time passed from the time at which Lieutenant Davis allegedly informed Defendant Lewis that inmates were arguing in Dorm K and the time at which Lewis arrived there. Plaintiff's description of the timing of the three incidents in relation to the time that Defendant Lewis arrived is also inconsistent. She maintains that Inmate McNelley "assaulted" her twice (which, according to Plaintiff's description, amounted to a verbal "assault" interrupted by other inmates before a physical altercation erupted) prior to Defendant Lewis' arriving at Dorm K, but then asserts that Lewis was "present in the dorm for the second argument, and during the third which by then was a serious fight." *Doc. No. 23* at 2, 4. Plaintiff maintains that Defendant Lewis initially treated the altercation as "entertainment," but also acknowledges that he ordered the inmates in the dorm to be quiet and provide space around Plaintiff and Inmate McNelley, and called for backup. *Id.* at 2. Although Plaintiff

speculates that "[d]elayed response of calling back up could have resulted in a serious head injury and worse," as noted, there is no evidence of an inordinate length of time between the time that Defendant Lewis arrived at the dorm, assessed the situation, and directed the inmates to quiet down and the time that he called for backup. *Id.* at 4. Plaintiff acknowledges that Defendant Lewis is not required to break up a fight without assistance from other correctional officers. *Id*.

Plaintiff does not allege sufficiently specific facts to allow the court to infer that Defendant Lewis failed to respond reasonably regarding the incident in Dorm K between Plaintiff and Inmate McNelley. *See Farmer*, 511 U.S. at 845 (explaining that "prison officials who act reasonably cannot be found liable."). The undisputed evidence reflects that Defendant Lewis attempted to neutralize the situation between Plaintiff and Inmate McNelley by ordering inmates to be quiet and to move back from the scene of the incident. While Plaintiff characterizes Defendant Lewis' response to the situation as reflecting that he viewed the incident as entertainment, she acknowledges that he requested backup and concedes that an officer is not required to break up a fight on his/her own. The fact that Defendant Lewis did not interject himself into the altercation between Plaintiff and Inmate McNelley before backup arrived does not amount to deliberate indifference. Courts have recognized as legitimate a prison policy which allows guards to call for assistance before intervening in inmate fights or assaults. *See MacKay v. Farnsworth*, 48 F.3d 491, 493 (10th Cir.199)(where defendants, in accordance with prison policy, had called for additional staff before intervening in a fight, the court cited *Bell v. Wolfish*, 441 U.S. 520, 547 (1979), for the proposition that "we accord prison administrators wide-ranging deference in adoption of policies 'that in their judgment are needed to preserve internal order and discipline ... .' "); *Seals v. Marcus*, 2013 WL 656873, at *8 (M.D.Ga. 2013)

(quoting *Longoria v. Texas*, 473 F.3d 586, 594(5th Cir. 2006)) ("Regardless of the presence or absence of a weapon in the hands of the attacking inmates, 'no rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence.'").

## IV. CONCLUSION

Accordingly, Plaintiff has failed to show that Defendant Lewis knowingly disregarded an obvious threat or acted or failed to act in a manner for the purpose of placing Plaintiff in harm's way. Because there is no evidence of deliberate indifference or reckless disregard by Defendant Lewis regarding the safety of Plaintiff, the court concludes that Defendant Lewis is entitled to summary judgment.[2] *See Celotex Corp.*, 477 U.S. at 322.

A separate order follows.

DONE, this 6th day of August, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] The court notes that in her complaint Plaintiff contends that "[i]t may be noted that Officer Lewis was recently the subject of an investigation which involved a friend of mine and he has indicated intent to retaliate on all friends of this inmate. He stated 'one down, two more to.'" *Doc. No. 1*. Notwithstanding Plaintiff's reference to "retaliation," and her vague and conclusory contention that Defendant Lewis' remark "one down, two to go," "seems" retaliatory in nature "in light of preceding events involving Plaintiff's two friends," *Doc. No. 23* at 4, the court considers the assertion as additional support for her contention that Defendant Lewis exhibited deliberate indifference to her safety regarding the April 25, 2012, incident rather than a separate claim for retaliation.  Even if the court were to address the allegation of retaliation of its own accord, conclusory allegations of retaliation, without more, are insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009), *overruled on other grounds by Mohamad v. Palestinian Auth.*, __ U.S. __, 132 S.Ct. 1702, 182 L.Ed.2d 720 (2012); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995). An inmate must establish more than her personal belief that she is the victim of retaliation.  *Woods v. Edwards*, 51 F.3d 577, 580-81 (5th Cir. 1995).